IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | ) | Civil Action No. 3:18-cv-1421 |
| LAWANDA C. HARRIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

Plaintiff LAWANDA C. HARRIS through her attorney, G. Gregory Green, for her Complaint in the captioned action, hereby states and alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff LAWANDA C. HARRIS is a citizen and resident of the State of Louisiana.

2. Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA(hereinafter referred to as PRUDENTIAL ), is a foreign corporation authorized to transact business in the State of Louisiana.

3. Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA Long Term Disability Plan (the "Plan") is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001 to 1461. The Plan is sponsored by THE PRUDENTIAL INSURANCE COMPANY OF AMERICA for the benefit of certain employees of Kemper Corporation. On information and belief, Kemper is named as the administrator of the Plan.

4. On information and belief, PRUDENTIAL insures benefits under the Plan, and is authorized and required to determine claims for benefits under the Plan.

5. Because this action arises under ERISA, this court has original subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C.A. § 1331.

6. Venue is proper in this District because certain breaches of the Plan, as set forth below, took place in this District, because Plan benefits were denied to Plaintiff, and because Plaintiff applied for and was denied Plan benefits in this District.

7. At all times pertinent hereto, Plaintiff was employed by Kemper Corporation. Throughout her employment, Plaintiff was a participant in the Plan.

8. Plaintiff has suffered from lumbar radiculopathy, disc herniations, residual impairment from fusion surgeries, fibromyalgia, and rheumatoid arthritis since April 2014. Plaintiff's ability to perform the duties of her occupation as a sales agent became progressively more difficult, and she was unable to work beginning on October 8, 2014.

9. Plaintiff received long term disability benefits under the Plan after October 8, 2014, with said benefits being terminated and appealed in July 2018 by submitting to PRUDENTIAL a completed application form, a physician's statement, and all other documents as required by them.

10. All disability payments to plaintiff under the plan were terminated on October 7, 2016.

11. On July 26, 2018, Plaintiff received a final letter affirming the denial of disability benefits under the plan.  The basis of the denial was as follows:

(a) PRUDENTIAL  asserted that Plaintiff was not totally disabled under the definition provided in the plan.

(b) PRUDENTIAL asserted that Plaintiff could return to any gainful occupation as defined under the plan.

12. Plaintiff's application for Social Security Disability benefits was approved; this approval was made on the basis that Plaintiff could perform no substantial gainful work activity.

13. Plaintiff has received no disability benefits since LINA denied payment of his long term disability benefits.

CLAIM FOR RELIEF

14. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15. Plaintiff has fulfilled all conditions for receipt of benefits under the Plan, and has presented such evidence to PRUDENTIAL as requested and/or required.

16. PRUDENTIAL  has wrongfully denied Plaintiff's claim for benefits under the Plan. PRUDENTIAL an/or its contractual administrator, believed to be Kemper, has made unsupported factual conclusions, and has misconstrued the terms of the Plan, in reaching its determination to deny Plaintiff's claim for benefits.

17. On information and belief, PRUDENTIAL's denial of Plaintiff's claim for benefits is a result, at least in part, of the conflict between PRUDENTIAL's fiduciary obligations to plan participants when determining claims under the Plan, and its interest in maximizing its own profitability. This result of conflict

of interest has been demonstrated in a number of ways, including but not limited to the following:

(a) PRUDENTIAL has refused to properly consider information from Plaintiff's physicians and from the Social Security Administration that were provided to it during the appeals process, which provided detailed explanations for the disability suffered by Plaintiff and set forth her various disabilities in detail.

(b) LINA has refused to consider that Plaintiff is incapable of returning to her former job as performed at Kemper Corporation, because she is incapable of performing any gainful occupation as defined by the policy, and has, in fact, been found disabled by the Social Security Administration due to her current level of impairment, which by their definition renders Plaintiff incapable of performing any substantial, gainful work activity.

(c) On information and belief, PRUDENTIAL's review of the denial of Plaintiff's claim was conducted by the same division of the company which denied Plaintiff's initial claim for benefits.

20. PRUDENTIAL's denial of Plaintiff's claim for benefits is contrary to the terms of the Plan and contrary to the evidence and information submitted to PRUDENTIAL from multiple medical sources that treated plaintiff. PRUDENTIAL's denial of Plaintiff's claim is therefore wrongful.

21. Plaintiff is entitled to recover benefits under the Plan. Plaintiff is also entitled to an Order of the Court clarifying his rights under the Plan, adjudging that Plaintiff met the disability requirement of the Plan.

22. Plaintiff has incurred, and will continue to incur, attorneys' fees, costs and expenses in bringing and prosecuting this action. Plaintiff entitled to an award of such attorneys' fees, costs and expenses pursuant to 29 U.S.C.A. § 1132(g).

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor, and against Defendants, as follows:

(a) By entering judgment requiring PRUDENTIAL to pay Plaintiff all benefits due under the Plan, commencing with the first day such benefits were due and continuing through the date of judgment;

(b) By entering judgment clarifying that Plaintiff has fulfilled all terms and conditions of the Plan for receipt of benefits, and that Plaintiff is entitled to continue to receive benefit in the absence of evidence supporting the conclusion that Plaintiff's condition has changed such that Plaintiff is no longer totally disabled;

(c) By awarding to Plaintiff his attorneys' fees, costs and expenses as provided under 29 U.S.C.A. § 1132(g); and

(d) By awarding such other and further relief as is just and proper.

DATED this 31 day of October, 2018.

Respectfully submitted,
s/G. G. Green
G. GREGORY GREEN
409 BRES AVENUE
MONROE, LA. 71201
Phone: 1-(318)-322-4477
Fax: 1-(318)-322-4478
E-mail: lawofficegggreen@aol.com
ATTORNEY FOR PLAINTIFF
LAWANDA C. HARRIS